148 So. 751

## MILLER v. LIVINGSTON MOTOR CO.

### 6 Div. 384.

Court of Appeals of Alabama.
April 18, 1933.

Rehearing Denied June 6, 1933.

W. G. Black, of Birmingham, for appellant.

W. Emmett Perry and Caesar Powell, both of Birmingham, for appellee.

RICE, Judge.

Detinue suit, with recovery by the plaintiff, brought by appellee against appellant.

More than one reason is apparent why appellee could not rightfully have judgment against appellant, but one will suffice.

The suit was grounded upon a lien alleged to have been retained by appellee upon the certain automobile involved, at the time when said automobile was sold, as it was, by appellee to one Hicks, through whom appellant derived, etc., his title to the car.

But appellee is precluded.

At the same time it sold the said car to Hicks, executing with him, or, perhaps more properly, exacting from him a "Conditional Sale Contract," it took the paper—let it be called what it will—under which it now claims a lien on the car in suit. Immediately thereafter, in due course of its business, it sold, etc., this "Conditional Sale Contract" to General Motors Acceptance Corporation. And in transferring same to that concern we find it warranted the title to the car to be vested in it, free of all liens, etc., and, that, for value received, it did "sell, assign and transfer to the General Motors Acceptance Corporation his, its or their right, title and *interest in* and to the within contract and the *property covered thereby*" (italics ours), being the same property it now seeks to recover.

It is admitted that the amount of the "Conditional Sale Contract" so sold, assigned, etc., to the General Motors Acceptance Corporation has been paid in *full*, by Hicks, the original purchaser, or those acting with and for him, through whom appellant claims title to the car.

Appellee admits that its only claim on the car is the paper executed by Hicks at the time mentioned above. If it had a lien under that paper, it went, as appellee's "interest in" the car, etc., into General Motors Acceptance Corporation, who now admits its lien is satisfied.

So, for the error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor, the judgment is reversed, and the cause remanded.

Reversed and remanded.